EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff

v.

LANDAU UNIFORMS, INC., Defendant.

Civil Action No. 2:11–cv–201–MPM–JMV.

United States District Court,
N.D. Mississippi,
Delta Division.

Jan. 9, 2013.

Faye A. Williams, Joseph M. Crout, Matthew H. McCoy, Kelley R. Thomas, Equal Employment Opportunity Commission, Memphis, TN, for Plaintiff.

Elizabeth Weintraub, Fisher & Phillips, LLP, Jeff Weintraub, The Weintraub Firm, Memphis, TN, for Defendant.

### ORDER DENYING MOTION TO AMEND ANSWER

JANE M. VIRDEN, United States Magistrate Judge.

This matter is before the court on Defendant Landau Uniforms, Inc's motion for leave to file a second amended answer (Doc # 129). By way of the proposed amendment, defendant seeks to assert that plaintiff failed

to properly mitigate because she failed to use reasonable efforts to obtain substantially equivalent work. The matter has been briefed and the parties heard. For the reasons explained below, the motion will be denied:

## I. Background

Plaintiff filed this Complaint against Defendant on September 27, 2011, alleging sex (pregnancy) discrimination and retaliation pursuant to Title VII, resulting ultimately in her employment termination on November 2, 2009. On December 5, 2011, Defendant filed its Answer and thereafter a case management order was entered setting, among others, a deadline for amendments to pleadings of April 19, 2013 and a trial date of February 13, 2013. Defense counsel took Plaintiff's deposition in this matter on April 3, 2012. In her deposition, Plaintiff was asked about her efforts to seek employment after separation from employment with Defendant. *See, e.g.,* Deposition of Tara Smith, pp. 134:14–151:5; 414:3–417:4 (Exhibit A to motion to amend answer to complaint) (describing her initial job search efforts, methods of job searching, resigning from first few jobs taken, and ultimate ceasing of job searching). According to Defendant, Plaintiff's response to that line of questioning was the first indication to it that plaintiff had failed to mitigate damages in this matter. (Doc # 129, p1) Defendant contends it received "additional evidence supporting a defense and an affirmative defense of failure to mitigate damages" in Plaintiff's Responses to Defendant's First Set of Interrogatories, and Supplemental Responses thereto, which were served on July 5, 2012 and August 1, 2012, respectively. This discovery stated dates, hours worked, and pay rates of Plaintiff's post-Landau employment. During this period, defendant moved to amend its answer to assert an additional defense of after acquired evidence, and in addition, defendant filed a motion to compel (Rec Doc. # 90) (which it subsequently amended) in which it sought clarification concerning whether Plaintiff had provided complete information concerning her post-termination income sources. After a hearing on the amended motion, the court entered its Order on August 24, 2012 (Doc # 100) noting, inter alia, that "Plaintiff represents to the court that all sources of income have been disclosed." In September, plaintiff moved for summary judgment as to defendant's affirmative defenses, including that reading "Defendant reserves the right to assert additional affirmative defenses as these become apparent through further investigation an discovery" In response, the plaintiff asserted that the motion, as related to that defense, was moot since it "does not intend to assert any additional affirmative defenses other than those enumerated in its Amended Answer." On 12/3/12, the court denied the plaintiff's summary judgment motion in toto, finding material issues of fact inherent in any decision as to the viability of the affirmative defenses asserted. Finally, on December 10, 2012, Defendant sought leave to amend its answer for a second time in order to assert, as an affirmative defense, Plaintiff's failure to mitigate damages. Though requesting leave to add this affirmative defense, Defendant also asserts that it is actually unnecessary for this defense to be asserted affirmatively. (Doc # 130, p3; Doc # 134, p3)

## II. Legal Analysis

While generally, the Court should freely grant leave to amend when justice requires it (FRCP 15(a)), when leave to amend is sought after the expiration of a court ordered deadline (here, the date for filing motions for leave to amend set forth in the CMO), good cause for modification of the deadline is required prior to application of the more liberal standard of 15(a). See *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d. 541, 546 (5th Cir.2003). The 5th Circuit has explained that the following factors are relevant to a finding of good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

### A. Explanation for Failure to Timely Move to Amend

In the instant case, the defendant asserts, by way of explanation, that it did not move for leave to amend to add a mitigation

defense in April 2012, when it concedes it first had notice of the facts giving rise to such a defense, because it was not certain until July or August that such defense was meritorious. Even if the court were to find this explanation persuasive under the circumstances,[1] the defendant offers no rationale for why it did not move for leave to amend in July or August to add this defense (though it did move to amend to add another affirmative defense at that time). Further, aside from stating that it was oversight for it to have represented to the court as late as Sept. 2012, that it did not intend to assert any further affirmative defenses, defendant offers no explanation for this inaccurate representation. Finally, the defendant offers no rationale—aside from stating it was busy preparing other motions and briefs in this action (to include the one wherein it expressly represented it would not seek to assert additional affirmative defenses)—for why the motion for leave to amend was not filed until mid *December* 2012. Accordingly, this court finds that this element of consideration does not weigh in favor of the movant.

B. The Importance of the Amendment:

As to the necessity of the amendment, given that the defendant itself asserts that it is not actually necessary, the court is hard pressed to find that this element weighs in favor of granting the motion. Further in favor of this conclusion, the court notes that at the hearing on this matter, defense counsel explained its seemingly self contradictory position by stating that, in its view, the law allows it to defeat an award of back pay in this case by merely offering proof that plaintiff did not use reasonable efforts to obtain any employment without requiring that this be plead affirmatively. According to defendant, only in the event that plaintiff did actually make efforts to obtain employment, is it required to prove that there were substantially equivalent jobs that she could have obtained with reasonably diligent efforts. It is this latter matter that defendant asserts it must plead affirmatively in order to preserve.

Yet, at the hearing, defense counsel advised that it, in fact, had no proof of such substantially equivalent jobs. Instead, defense counsel explained that it might discover some jobs between now and the date the case is tried on February 18, 2013, assuming the amendment is allowed. In view of the foregoing, the court finds that this factor does not weigh in favor of granting the motion.

C. The Potential for Prejudice if the Amendment is Allowed:

Regarding this factor, at the hearing plaintiff's counsel explained the reasonable necessity for further discovery in the event this amendment is allowed. In addition to basic discovery such as inquiries to establish which if any substantially equivalent jobs existed that defendant contends plaintiff failed to reasonably acquire, plaintiff asserts it will need to explore the necessity for an expert witness on the subject of job opportunities of substantially equivalent character in the market. Accordingly, the court views this element as weighing against allowing the amendment.

D. Curing of Prejudice by a Continuance:

Finally, the court considers the availability of a continuance to cure the prejudice and finds that it weighs against the amendment. There is no continuance requested on this basis and at this date none has been granted.

III. Conclusion

On balance then, the court finds that good cause has not been demonstrated by defendant for allowance of this exceptionally late proposed amendment—an amendment that the court again notes the defendant itself asserts is either a) not necessary under the circumstances of this case, or b) is necessary, but the defendant has no proof in support of. The court hastens to add that while disallowing the amendment, it will be for the district judge to determine whether and what proof of plaintiff's alleged failure to mitigate will be allowed at trial.

1. The court is, in fact, not persuaded and finds that at least as early the conclusion of plaintiff's deposition, the defendant was on notice of facts which defendant, itself, argues indicated the basis for a mitigation defense. The defendant even argues that plaintiff should have been aware at that date of the applicability of such a defense in this action.

IT IS, THEREFORE, ORDERED that the second motion to amend the answer (# 129) is DENIED.